In the Matter of Charges Preferred by CHARLES A. O'MARA, Captain, Third Precinct, Respondent, v. CHARLES HERRING, Patrolman, Shield No. 67, etc., Appellant. FRANK B. DEVLIN, Commissioner of Public Safety, City of Yonkers, New York, Respondent.— Determination annulled, with fifty dollars costs, proceeding dismissed, and appellant reinstated. Lazansky, P. J., and Seeger, J., concur upon the ground that the deputy commissioner tried the case upon the basis of statutory authority and not upon the ground that the commissioner was absent, and upon the further ground that it was error to admit appellant's record in evidence before a determination as to his guilt or innocence was had. Hagarty, J., concurs, with the following memorandum: By section 137 of the Second Class Cities Law (Laws of 1909, chap. 55),█ the duty of hearing, trying and determining

charges preferred against delinquent officers and members of the police and fire departments vests in the commissioner of public safety. By section 130 thereof it is provided that in the absence or disability of the commissioner, or in the event of a vacancy in the office, " the deputy shall discharge the duties of the office until the commissioner returns, his disability ceases or the vacancy is filled." " Absence," as there used, must be construed to mean more than a mere casual absence from office or headquarters. (See *People ex rel. Dougan* v. *Greene*, 97 App. Div. 404; *People ex rel. Syperrek* v. *McAdoo*, 125 id. 673, 675.) The trial herein was conducted by the deputy commissioner. The record does not show that during the period of the trial there was a vacancy in the office of the commissioner, or that he was absent or disabled. The deputy commissioner, therefore, acted without authority. It was also error for the deputy commissioner to offer and receive in evidence, for the purpose of discrediting the oral testimony of the complaining witness, the affidavit made by that witness on the day following the incident from which the charge and trial arose. Kapper and Scudder, JJ., dissent upon the ground that the presumption of performance of duty by a public officer, not controverted in the record, established the deputy commissioner's authority to proceed with the trial. As to the admission of the affidavit in evidence, it was received for what it was worth and comes within the well-settled rule that trials of this character are not conducted according to the rules governing trials in courts of record. As to the admission of appellant's police record, it must be presumed that the record was considered upon the question of punishment only.